UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SAMANTHA REECE,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:19-cv-02376 CKD<br><br><br><br>ORDER |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. (ECF No. 29.) Plaintiff seeks fees and expenses in the amount of $12,311.91 based on 35.2 hours attorney time and 34.4 hours paralegal time. Plaintiff's counsel's work in the district court proceedings spanned the years 2019, 2020, and 2021. Plaintiff's motion seeks reimbursement based on the 2019 EAJA rate of $205.25 and the first half-2020 EAJA rate of $206.77. See ECF No. 29-2. No opposition to the motion has been filed.

    A. <u>Substantial Justification</u>

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42

1  U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in
2  obtaining the requested benefits. <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).  In this case, the
3  matter was remanded under sentence four for further development and analysis of the record
4  pursuant to the stipulation of the parties and order of the court.  ECF No. 27.  Plaintiff thus is
5  entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds
6  that the position of the United States was substantially justified.  <u>Flores v. Shalala</u>, 49 F.3d 562,
7  568-69 (9th Cir. 1995).

8        The burden of establishing substantial justification is on the government.  <u>Gutierrez v.</u>
9  <u>Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001).  In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the
10 Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that
11 is, justified to a degree that could satisfy a reasonable person.  That is no different from the
12 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast
13 majority of other Courts of Appeals that have addressed this issue.  <u>Id.</u> at 565.  A position does
14 not have to be correct to be substantially justified.  <u>Id.</u> at 566 n.2; <u>see also</u> <u>Russell v. Sullivan</u>, 930
15 F.2d 1443, 1445 (9th Cir. 1991), <u>receded from on other grounds</u>, <u>Sorenson v. Mink</u>, 239 F.3d
16 1140 (9th Cir. 2001); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002).

17       In determining substantial justification, the court reviews both the underlying
18 governmental action being defended in the litigation and the positions taken by the government in
19 the litigation itself.  <u>Barry v. Bowen</u>, 825 F.2d 1324, 1331 (9th Cir. 1987), <u>disapproved on other</u>
20 <u>grounds</u>, <u>In re Slimick</u>, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action
21 was not substantially justified, it is unnecessary to determine whether the government's litigation
22 position was substantially justified.  <u>Andrew v. Bowen</u>, 837 F.2d 875, 880 (9th Cir. 1988).

23       Here, the January 27, 2021 stipulation and order reflect ALJ error, providing: "Upon
24 remand, the Administrative Law Judge will be instructed to reevaluate the medical evidence of
25 record, reevaluate Plaintiff's maximum residual functional capacity pursuant to the relevant
26 regulations, and take further action as appropriate to issue a new decision, including taking
27 additional evidence." (ECF No. 27 at 1:24-27).  Defendant has filed no opposition to the request
28 for attorneys' fees.  Under these circumstances, the court finds that the position of the United

States was not substantially justified. Fees under the EAJA will therefore be awarded.

B. <u>Reasonable Fee</u>

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See <u>Commissioner, INS v. Jean</u>, 496 U.S. 154 (1990); <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983); <u>Atkins v. Apfel</u>, 154 F.3d 986 (9th Cir. 1998). Here, plaintiff's counsel obtained a judgment in plaintiff's favor and a remand requiring reevaluation of the medical evidence, reevaluation of plaintiff's residual functional capacity, and the taking of additional evidence. Defendant has not contested either the rates requested for plaintiff's counsel or counsel's paralegal. Defendant also has not contested the total time spent or the reductions made by plaintiff's counsel in the exercise of his professional judgment. Plaintiff's counsel's tasks are adequately itemized. <u>See</u> ECF No. 29. The rates claimed for counsel and his paralegal are reasonable. Plaintiff will therefore be awarded the full amount requested. The EAJA award must be made by this court to plaintiff, and not to counsel. See <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010).

Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $12,311.91.

Dated: June 14, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/reece2376.eaja.no-oppo

3